PETER M. KICZA, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kicza v. Commissioner
Docket No. 6198-93
United States Tax Court
T.C. Memo 1994-115; 1994 Tax Ct. Memo LEXIS 116; 67 T.C.M. (CCH) 2437; March 21, 1994, Filed *116 Decision will be entered under Rule 155. Peter M. Kicza, Jr., pro se. For respondent: Clare J. Brooks. DAWSON, ARMEN
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Robert N. Armen, Jr., pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the Opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE ARMEN, Special Trial Judge: Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1989 in the amount of $ 7,347, an addition to tax under section 6651(a)(1) in the amount of $ 860.50, and an addition to tax under section 6654(a) in the amount of $ 203.30. In the petition, petitioner identified an overpayment for 1989 in the amount of $ 11,433.86. Respondent subsequently *117 asserted an increased deficiency in the amount of $ 16,092.70. After concessions by respondent, [2] the issues for decision are: (1) Whether the relevant time limitations of sections 6511 and 6512 bar petitioner from recovering the amount by which he overpaid his 1989 Federal income tax; and if those time limitations are not a bar, (2) the amount of petitioner's overpayment. The instant case was submitted fully stipulated under Rule 122. The stipulated facts and exhibits are incorporated herein by reference. Petitioner resided in Mitchelville, Maryland, at the time his petition was filed with the Court. Background
Neither petitioner nor his wife (hereinafter sometimes referred to as Mrs. Kicza), *118 who is not a party to this action, [3] filed an income tax return for 1989 until March 29, 1993, [4] when they filed a joint return (the joint return) [5] claiming an overpayment of $ 11,433.86. The entire amount claimed as an overpayment on the joint return was withheld from petitioner's wages or the wages of his wife. Other than the taxes withheld, neither petitioner nor his wife made any tax payments for the 1989 taxable year. Respondent ultimately accepted *119 petitioner's delinquent joint return for 1989 as filed. The parties now agree that the statutory deficiency in income tax for 1989 is $ 16,092.70, which amount is the total tax shown on the joint return. They also agree that no tax is due from petitioner or his wife because an amount significantly in excess of the statutory deficiency was withheld from their wages to pay their Federal income tax liability. The parties also agree that in 1989, $ 23,620.77 was withheld from Mrs. Kicza's wages and $ 3,905.79 was withheld from petitioner's wages. Respondent contends that of the $ 11,433.86 refund claimed by petitioner and his wife on their late-filed 1989 joint return, $ 11,067.77 is attributable to Mrs. Kicza's withholding and $ 366.09 to petitioner's withholding. Petitioner contends that a slightly greater amount is attributable to his wife's withholding and a correspondingly lesser amount to his withholding. On December 28, 1992, respondent mailed petitioner the statutory notice which determined the deficiency and additions to tax for the 1989 taxable year. Prior to the mailing of such statutory notice, petitioner had not filed any claim for refund for that year. Petitioner *120 appealed from the December 28, 1992, statutory notice by filing a timely petition (the petition) with this Court on March 26, 1993. Discussion
In the petition, petitioner identified an overpayment of $ 11,433.86 (the overpayment) for 1989. Such overpayment relates to the delinquent joint return filed by petitioner and his wife on March 29, 1993. Petitioner contends that respondent has misallocated the amount of the overpayment between him and his wife, and that a larger amount of the overpayment is properly allocable to his wife. [6] Respondent counters that this Court cannot consider the amount of the refund to which petitioner would otherwise be entitled because any refund to petitioner is time barred. The Court was impressed by the conscientiousness with which petitioner approached the proceedings in this case. [7] Nevertheless, we agree with respondent for the reasons discussed *121 below. The general statute of limitations for refunds is found in section 6511, while section 6512 applies to cases in which a petition has been filed with the Tax Court. [8] *122 In the case of a deficiency action in this Court, section 6512(a)(1) prohibits any refund of income tax except "As to overpayments determined by a decision of the Tax Court which has become final." Section 6512(b)(1) provides that "Except as provided by paragraph (3)", the Tax Court may determine an overpayment to be refunded. Section 6512(b)(3) provides that overpayments may only be refunded if paid during one of three time periods. The only one of these periods which is relevant here is identified in section 6512(b)(3)(B). [9]
Section 6512(b)(3)(B) permits the Court to allow a refund if the Court determines that the tax was paid -- within the period which would be applicable under section 6511(b)(2), (c), or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment, * *123 * * [10]
Section 6511(c) and (d) relates to circumstances not relevant here. Thus our focus is on section 6511(b)(2). Section 6511(b)(2) in turn has three subparagraphs, each addressing a different situation through use of what have been termed "look-back" rules. Because section 6511(b)(2)(C) applies only when no claim for refund or credit has been filed, and because in this case such a claim is deemed to have been filed, [11] subparagraph (C) of section 6511(b)(2) is not relevant here. Therefore, we consider only the two subparagraphs that apply when a claim for refund has been filed, namely, subparagraphs (A) and (B) of section 6511(b)(2). The former subparagraph applies when a refund claim was filed within the 3-year period prescribed *124 in section 6511(a), and the latter subparagraph applies when the refund claim was not filed with such 3-year period. Therefore, we must return to section 6511(a) to decide whether the refund claim in the instant case was filed within the prescribed 3-year period in order to determine whether to apply the 3-year "look-back" period found in section 6511(b)(2)(A) or the 2-year "look-back" period found in section 6511(b)(2)(B). As noted earlier, petitioner is deemed to have filed a claim for refund on December 28, 1992, the date of the mailing of the notice of deficiency. Sec. 6512(b)(3)(B). Because petitioner did not file the joint return relating to the 1989 taxable year until March 29, 1993, a date after the date on which he is deemed to have filed a claim for refund, the claim for refund was not filed within the 3-year period prescribed by section 6511(a). See , *125 on appeal (6th Cir., Feb. 16, 1993). Accordingly, we look to section 6511(b)(2)(B) to determine whether petitioner is entitled to recover any overpayment or whether recovery is barred by that section. Section 6511(b)(2)(B) reads -- (B) Limit where claim not filed within 3-year period. -- If the claim was not filed within such 3-year period, the amount of the * * * refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim.
Because petitioner's claim for refund is deemed to have been filed on December 28, 1992, petitioner can only recover the amount of tax paid during the 2-year "look back" period. In other words, petitioner can recover only the amount of tax paid between December 28, 1990, and December 28, 1992. The income tax paid by petitioner for the 1989 taxable year was paid entirely through wage withholding. Therefore, the entire tax was deemed paid on April 15, 1990. Sec. 6513(b)(1). Consequently, no portion of petitioner's 1989 income tax was paid within the 2-year period immediately preceding December 28, 1992. We therefore hold that the time limitations of sections 6511 and 6512 bar this Court from *126 determining that petitioner is entitled to a refund of the amount by which he overpaid his income tax for the 1989 taxable year. See ; ; . Accordingly, we cannot, and do not, reach the issue involving the amount of the overpayment for 1989 which is properly allocable to petitioner. Moreover, Mrs. Kicza is not a party to this proceeding and we therefore lack jurisdiction over her. Therefore we cannot, and do not, address any issue relating to (1) whether Mrs. Kicza is entitled to a refund of the amount by which she overpaid her 1989 income tax, or (2) the amount of any such overpayment. In closing, we observe that the result here may seem harsh in view of the actual overpayment. However, in light of petitioner's failure to file his 1989 income tax return in a timely fashion, the Court is statutorily bound to hold as we do. See . To reflect the foregoing, Decision will be *127 entered under Rule 155. Footnotes
1. Section references are to the Internal Revenue Code in effect for the taxable year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Although a statutory deficiency exists, respondent has conceded that petitioner has no unpaid Federal income tax liability because the amount withheld from the wages of petitioner and his wife exceeded the amount of tax due. Respondent has also conceded that petitioner is not liable for the additions to tax.↩
3. No notice of deficiency was ever issued to Mrs. Kicza.↩
4. A Form 4868 was filed by petitioner and his wife on or about Apr. 15, 1990, requesting an automatic 4-month extension of time to file their 1989 tax return.↩
5. Taxpayers may file a joint income tax return after a notice of deficiency has been mailed under the circumstances of the present case. , affd. on this issue and revd. on another issue .↩
6. Petitioner apparently perceives that his wife's claim for a refund is more likely to overcome any applicable time limitations.↩
7. We note that petitioner's failure to file his 1989 tax return in a timely fashion appears inconsistent with the meticulous and responsible manner in which petitioner approached every aspect of this proceeding.↩
8. It should be noted that sec. 6512, in turn, refers us back to sec. 6511.↩
9. Sec. 6512(b)(3)(A) relates to payments made after the mailing of the notice of deficiency. The only payments made here were made before the notice of deficiency was mailed. Sec. 6513(b)(1). Sec. 6512(b)(3)(C) relates to situations where the taxpayer files an actual claim for credit or refund before the date of the mailing of the notice of deficiency. Petitioner in this case filed neither a tax return nor a claim for credit or refund before the notice of deficiency was mailed to him. The Form 4868 filed by petitioner did not constitute a return or a claim for credit or refund. , affd. .↩
10. This section results in the notice of deficiency being deemed to be a claim for refund. Thus, petitioner is deemed to have filed a claim for refund on Dec. 28, 1992, although he did not actually file the joint return relating to the 1989 taxable year until Mar. 29, 1993.↩
11. It should be recalled that sec. 6512(b)(3)(B) deems a claim to have been filed on the date of the mailing of the notice of deficiency.↩